IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SEAN JOSEPH LEVIN,

    Plaintiff,

     v.                                               No. CV 11-0517 BB/WPL

NEW MEXICO CORRECTIONS DEPT.;
SECRETARY OF CORRECTIONS
LUPE MARTINEZ-MARSHALL;
WARDEN ANTHONY ROMERO;
DEPUTY WARDEN KENNETH SANDLIN;
EDUCATION DIRECTOR ROBERT WILLIAMS (CNMCF);
CMU-LEVEL 1 MEDICAL STAFF - ROSARIO,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Also before the Court are Plaintiff's motions to serve Defendants (Doc. 6), to amend (Doc. 20), and to defer payments (Doc. 22). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint consists of three claims for violations of the First, Eighth, and Fourteenth Amendments and the Civil Rights of Institutionalized Persons Act.  First, Plaintiff alleges that he has been denied adequate medical treatment for "a large ganglion cyst or a lypoma tumor on the bottom of his right foot."  Initially, his condition was summarily dismissed by medical staff, and then a contract podiatrist recommended an MRI and probable surgery.  Shortly thereafter, a medical staff member accused Plaintiff of intimidation.  Second, he claims that Defendants' forfeitures of lump sum awards of time against his sentence were retaliatory and based on false accusations.  His third claim is for unlawful and retaliatory change of custody level and transfer that resulted from the alleged intimidation incident.  Plaintiff contends that these actions were in retaliation for his grievance activities.  The complaint seeks damages and certain equitable relief.

No relief is available on Plaintiff's claim is for wrongful forfeiture of credits against his sentence.  He seeks both restoration of the credits and damages.  Plaintiff must bring his claim for restoration of credits in a habeas corpus petition.  *See Caserta v. Kaiser*, No. 00-6108, 2000 WL 1616248, at **1 (10th Cir. Oct. 30, 2000); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).  Furthermore, he may not bring a § 1983 damages claim for wrongful forfeiture of good time credits unless the credits are restored. *See Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997) (restating that the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994) applies to §1983 action based on loss of good time credit affecting length of

sentence)).  Because Plaintiff does not allege that his good time credits have been restored, *see Heck v. Humphrey*, 512 U.S. at 486-87, his damages claims for the forfeiture of credits will be dismissed without prejudice, *see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).

Nor is relief available on Plaintiff's claim of retaliatory change of custody level and transfer. "An inmate claiming retaliation must 'allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.' " *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (citation omitted).

> We have held that "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his" constitutional rights. "This principle applies even where the action taken in retaliation would be otherwise permissible.". . . Obviously, an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity.  Accordingly, a plaintiff "must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." An inmate claiming retaliation must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."

*Id.* (internal citations omitted).  Here, the complaint's only specific allegation is that a medical staff member reported Plaintiff for intimidating her.  Plaintiff "emphatically denied" the charge and "thought the whole thing was in retaliation" for his filing an informal complaint on another matter. His opinion, however, does not amount to "specific facts showing retaliation," *id.*, and thus Plaintiff's claim rests only on conclusory allegations, which provide an inadequate basis for a retaliation claim under § 1983, *see id.*  The Court will dismiss Plaintiff's claim of retaliatory change of custody level and transfer.

In Plaintiff's remaining claim for denial of medical treatment, Defendant Sandlin is the only named party who was allegedly involved in the violation.  The complaint thus contains no

allegations against the other Defendants affirmatively linking them to the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* The Court will dismiss Plaintiff's claims against Defendants Martinez-Marshall, Romero, Williams, and Rosario LNU.

Last, Plaintiff may not bring his civil rights claims against Defendant New Mexico Corretions Dept. As ruled by the Court of Appeals for the Tenth Circuit in similar circumstances, "[Plaintiff] has sued the state and its agency pursuant to § 1983; neither are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). The Court will dismiss Plaintiff's claims against Defendant New Mexico Corrections Dept.

Plaintiff's motion for order to serve Defendants (Doc. 6) will be denied as moot. The motion to defer payment of fee (Doc. 22) will be granted. The motion to amend (Doc. 20) will be denied as moot, *see* Fed. R. Civ. P. 15(a)(1), and the allegations of denial of medical treatment contained in the motion to amend are construed as part of Plaintiff's complaint. For the reasons noted above, the claim in the motion to amend for wrongful forfeiture of credits against Plaintiff's sentence will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motions to serve Defendants and to amend (Docs. 6, 20) are DENIED as moot, and the motion to defer payment of fee (Doc. 22) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's claims for wrongful forfeiture of credits against his sentence and for wrongful change of custody level and transfer are DISMISSED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants New Mexico Corrections Dept., Martinez-Marshall, Romero, Williams, and Rosario LNU are DISMISSED; and Defendants New Mexico Corrections Dept., Martinez-Marshall, Romero, Williams, and Rosario LNU are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Docs. 1, 20), for Defendant Sandlin on Plaintiff's claim of denial of medical treatment.

_____
UNITED STATES DISTRICT JUDGE